UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FAVIAN RUEDA, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-1708-B |
| | § | |
| FACILITY INTERIORS, INC., | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Notice to Potential Plaintiffs and Conditional Certification. Doc. 19. For the following reasons, the Court **GRANTS** the motion but limits Plaintiff's notice method as described below.

## I.

## BACKGROUND[1]

This is a collective action Fair Labor Standards Act (FLSA) case brought by Plaintiff Favian Rueda, on behalf of himself and all other similarly situated employees against Defendant Facility Interiors, Inc. Plaintiff brings suit seeking unpaid wages resulting from Defendant's alleged failure to pay Plaintiff in accordance with the FLSA's overtime pay requirements. Doc. 1, Compl., ¶ 1. Plaintiff alleges that he was employed by Defendant as a furniture installer. *Id.* ¶ 7. Defendant allegedly paid Plaintiff an hourly rate through a third-party contractor; however, Plaintiff alleges that he was not

---

[1] The Court draws its factual account from the allegations contained in Plaintiff's Complaint and from the parties' briefing on the Motion for Notice to Potential Plaintiffs and Conditional Certification. Contested facts will be noted as such.

paid any overtime pay for hours worked over 40 hours in a work week. *Id.* ¶ 10; Doc. 20-1, Pl.'s App., 9 ¶ 2. Plaintiff alleges this was the result of Defendant's practice or policy to misclassify furniture installers as independent contractors, and to not pay these employees for overtime hours. Doc. 1, Compl., ¶¶ 25, 46; Doc. 19, Mot. Cond. Cert., 1, 3.

Meanwhile, Defendant alleges that Plaintiff was not Defendant's employee but an independent contractor, hired and paid through a third-party. Doc. 22, Def.'s Resp., 2–3. Defendant denies that it is subject to the FLSA, and argues that the third-party contractor who paid Plaintiff—North Texas Furniture Installation, LLC (NTFI)—is in fact the responsible party.[2] *Id.* at 1–2.

Since Plaintiff filed his Complaint, two additional furniture installers have consented to join in Plaintiff's suit. *See* Doc. 24, Flores Consent; Doc. 25, Hurst Consent. On October 5, 2018, Defendant filed its Response (Doc. 22) in opposition to Plaintiff's Motion for Conditional Certification, and on October 19, 2018, Plaintiff filed his Reply (Doc. 23). Therefore, Plaintiff's Motion is ripe for this Court's review.

## II.

## LEGAL STANDARD

Section 216(b) of the FLSA "authorizes a plaintiff to bring a collective action on behalf of similarly situated persons, provided that any person who desires to become a part of the collective action files a written consent in the court." *Valcho v. Dall. Cty. Hosp. Dist.*, 574 F. Supp. 2d 618, 621 (N.D. Tex. 2008). When a plaintiff seeks to bring a collective action, district courts have the

---

[2] The Court denied Defendant's Motion for Leave to File Third-Party Complaint against NTFI on October 20, 2018. ECF Doc. 28, Order.

discretion to implement § 216(b) by facilitating notice to potential plaintiffs. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

The FLSA does not define "similarly situated." And the Fifth Circuit has declined to adopt any specific test to determine when plaintiffs are similarly situated. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 n.1 (5th Cir. 2010). But district courts in the Northern District of Texas have adopted the two-step approach outlined in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), which consists of a notice stage and a decertification stage. *See, e.g., Ecoquij-Tzep v. Hawaiian Grill*, No. 3:16-cv-625-BN, 2017 WL 2672328, at *2 (N.D. Tex. June 21, 2017).

Under the *Lusardi* approach, the first step—the notice stage—requires a preliminary determination, usually based only on the pleadings and submitted affidavits, of whether potential class members are similarly situated to the named plaintiff. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995). If they are similarly situated, then the court can conditionally certify the action and authorize notice to potential plaintiffs to opt in, and the suit "proceeds as a representative action throughout discovery." *Id.* at 1214. After discovery is largely complete, the defendant may move for decertification, at which point the court proceeds to the second step—the decertification stage—and considers again whether the plaintiffs are similarly situated. *Id.* If the court finds that the plaintiffs who opted in are not similarly situated with the named plaintiff, then the class is decertified, the opt-in plaintiffs are dismissed without prejudice, and the original named plaintiff proceeds to trial on his individual claims. *Id.* at 1213–14. "Neither the first nor second stage is an opportunity for the court to decide the merits by deciding factual disputes or making credibility determinations." *Corcione v. Methodist Hosp.*, 2014 WL 6388039, at *3 (S.D. Tex. Nov. 1, 2014).

At the notice stage, a court usually has minimal evidence, so "the determination is made

using a fairly lenient standard and typically results in conditional certification of a representative class." *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 287 (N.D. Tex. 2012). Courts generally "require nothing more than substantial allegations that the putative class members were together victims of a single decision, policy, or plan." *Mooney*, 54 F.3d at 1214 n.8. A factual basis, however, must exist, and a plaintiff must show some "identifiable facts or legal nexus that binds the claims so that hearing the cases together promotes judicial efficiency." *Jones*, 281 F.R.D. at 287. In conducting its analysis, the court has "a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." *Valcho*, 574 F. Supp. 2d at 622.

Courts do not often engage in the second step—the decertification process—until after "discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." *Mooney*, 54 F.3d at 1214. If little or no discovery has been conducted, applying a more stringent analysis is typically inappropriate. *See Valcho*, 574 F. Supp. 2d at 622.

### III.

### ANALYSIS

A.    *Conditional Certification Standard*

Before deciding whether the furniture installers are similarly situated, the Court first must decide whether to skip the lenient standard and apply the stringent standard. *See Mooney*, 54 F.3d at 1214. So far, the parties have not averred that discovery has taken place. The Scheduling Order issued by this Court on September 4, 2018, set the deadline for completion of discovery as March 4, 2019. Doc. 18, Sched. Order, 1. Plaintiff's Motion for Conditional Certification was filed just days after the scheduling order issued, on September 14, 2018. And Defendant does not dispute that the

lenient standard is the appropriate one. *See* Doc. 22, Def's Resp., 4. Therefore the Court applies the lenient standard.

B.      *Whether the Furniture Installers are Similarly Situated*

The question then becomes whether the furniture installers are sufficiently similarly situated to warrant conditional certification. At the first stage in the *Lusardi* analysis, courts will conditionally certify if the plaintiff has made "substantial allegations that the putative class members were together victims of a single decision, policy, or plan." *Mooney*, 54 F.3d at 1214 n.8. To make this determination, the Court will consider whether "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Jones*, 281 F.R.D. at 287; *McKnight*, 756 F. Supp. 2d at 801. "A court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Tolentino*, 716 F. Supp. 2d at 650.

As a preliminary matter, the Court addresses Defendant's objections to Plaintiff's proof. Defendant argues that the declarations submitted contain only conclusory allegations, are speculative and contain hearsay, and thus are insufficient. Doc. 22, Def.'s Resp., 8–10. But "it is not appropriate to require [Plaintiff] to produce evidence sufficient to survive summary judgment or to otherwise test the merits beyond the light burden of production to show potential class members are similarly situated." *McKnight*, 756 F. Supp. 2d at 804. "Most courts only require that a declarant can demonstrate that the allegations in his declaration are based on personal knowledge which can include inferences and opinions, as well as declarant's conversations with other employees." *Wedel*

*v. Vaughn Energy Servs, LLC*, 2015 WL 5920034, at *2 (S.D. Tex. Oct. 9, 2015) (internal quotations and alterations omitted). "[A]ffidavits submitted at the notice stage of class certification need not be in a form admissible at trial." *Id.*

Defendant quotes a passage from *H&R Block, Ltd. v. Housden* in which the court concluded that the plaintiffs' evidence was insufficient to support class certification because "[t]hey have failed to identify potential plaintiffs, submit affidavits of potential plaintiffs or submit any other evidence that might show a widespread plan of discrimination existed." Doc. 22, Def.'s Resp., 9 (quoting 186 F.R.D. 399, 400 (E.D. Tex. 1999). But *Housden* is factually distinguishable from the present case—here two potential plaintiffs have submitted affidavits, showing personal knowledge from direct observation of other workers and conversations that other furniture installers performed similar duties under a similar pay policy. *E.g.*, Doc. 20-1, Pl.'s App., 15 ¶ 4. At this stage, this evidence need not be in a form admissible at trial. Thus, this Court finds *Housden* factually distinguishable, and Defendant offers no alternative explanation how it might be relevant. Defendant's objections are therefore overruled.

### 1.    Do Aggrieved Individuals Exist?

To satisfy the first element, Plaintiff must show that there is a reasonable basis for believing that other aggrieved individuals exist. So far, two additional furniture installers have joined the named plaintiff. All three have filed almost identical declarations, stating that Defendant failed to pay overtime hours. Doc. 20-1, Pl.'s App., 9–10 (Rueda Decl.), 12–13 (Flores Decl.), 15–16 (Hurst Decl.). They all stated that they know of dozens of furniture installers who worked under similar conditions and never received overtime pay for their overtime work. *Id.* They list one other furniture installer by name. *E.g., id.* at 10. Plaintiff cites Defendant's own website to show that there are

approximately fifty furniture installers who work for Defendant in the same capacity. Doc. 1, Pl.'s Compl., ¶ 26. Defendant does not challenge that potential claimants exist. Thus, Plaintiff's evidence sufficiently demonstrates aggrieved individuals exist, and the first element is satisfied. *See Corcione*, 2014 WL 6388039, at *1 (granting conditional certification where three others opted into the named plaintiff's FLSA suit).

    2.    <u>Are There Aggrieved Individuals who are Similarly Situated to Plaintiff?</u>

A plaintiff "must demonstrate a reasonable basis for believing that a class of similarly situated persons exists." *Hernandez*, 191 F. Supp. 3d at 683. To make this determination, courts consider both similarity in (1) job requirements and (2) pay provisions. *Id.*; *Mason*, 2015 WL 4481233, at *4. The positions of the employees and the named plaintiff need only be similar, not identical. *Valcho*, 574 F. Supp. 2d at 621. Essentially, a sufficient "factual nexus" must exist between the named plaintiff's situation and that of the proposed class members. *Williams*, 187 F. Supp. 3d at 766.

First, Plaintiff has demonstrated, and Defendant has not contested, that the proposed class members are similarly situated with respect to their job requirements. Plaintiff's proposed class consists of hourly-paid furniture installers that Defendant employed. Doc. 23, Pl.'s Reply, 1–2. Plaintiff and the two other opt-in claimants identically describe their jobs to have "consisted of loading furniture at Defendant's or its affiliate's premises and assembling and installing furniture for Defendant's customers at job sites." *E.g.*, Doc. 20-1, Pl.'s App., 9 ¶ 1. Defendant does not argue that individual furniture installers possess varying responsibilities. Without any contrary argument from Defendant, the Court agrees that Plaintiff and the proposed class members are similarly situated with regard to their job requirements.

Second, with regard to the compensation scheme, "[a] unified plan, policy, or scheme need

not be proved at the notice stage; rather, the existence of a plan or policy is probative evidence that similarly situated plaintiffs exist." *McDonald v. Worldpac, Inc.*, 2015 WL 12753533, at *4 (N.D. Tex. Sept. 8, 2015). And "[e]vidence of similar job duties and a single policy which violates the FLSA is sufficient to find putative class members similarly situated." *Williams*, 187 F. Supp. 3d at 767. If "there is no single decision, policy, or plan that affects the [p]laintiffs, the case will have enormous manageability problems." *Procter v. Allsups Convenience Stores, Inc.*, 250 F.R.D. 278, 281 (N.D. Tex. 2008) (internal quotation marks omitted).

Plaintiff asserts that the furniture installers are similarly situated because they are all subject to the same misclassification scheme—specifically, that they are misclassified as independent contractors in order to avoid the FLSA's overtime requirements s. Doc. 19, Mot. Cond. Cert., 1.

Defendant's sole substantive argument is that the FLSA does not apply to independent contractors, and thus individualized assessment is needed to determine whether the furniture installers are independent contractors. Doc. 22, Def.'s Resp., 5–7. Defendant recites the economic realities test used by the Fifth Circuit to determine whether a particular worker is an employee for the purposes of the FLSA. *Id.* at 6. Defendant argues that the application of this test "necessarily requires an individualized and fact-intensive examination of each worker's relationship with Facility Interiors." *Id.* But if this were necessary at this stage, then no class would ever be conditionally certified.

To bolster its argument, Defendant compares this case to *Demauro v. Limo, Inc.*, 2011 WL 9191 (M.D. Fl. Jan. 3, 2011). In *Demauro*, the individuals who had already consented to join filed declarations that stated they were either independent contractors or "owner/operators." *Id.* at *3. The court recognized that an individualized analysis would be necessary to determine whether the

owner/operators were employees or independent contractors and thus found that class certification was inappropriate. *Id.*

But here, all of the declarants submit virtually identical declarations stating that they were misclassified as independent contractors and regularly worked over overtime without the overtime pay. *E.g.*, Doc. 20-1, Pl.'s App., 9 ¶ 3. There is nothing that indicates that the three were treated differently, unlike in *Demauro* where not only did the declarants themselves identify with different employment categories, but the defendants had provided a lengthy discussion of how each declarant and potential opt-in plaintiff varied under each factor. *See Demauro*, 2011 WL 9191, at *3–4. Therefore the court is not compelled to arrive at the same conclusion as the court in *Demauro* did. In addition, many courts have held that the economic realities test is appropriate at a later stage in the litigation, not at the class certification stage. *See Vaughn v. Document Group Inc.*, 250 F. Supp. 3d 236, 243 (S.D. Tex. 2017); *Jones v. JGC Dallas LLC*, 2012 WL 6928101, at *4 (N.D. Tex. Nov. 29, 2012). At this stage, the assessment is simply whether the Court would be able to uniformly apply this test later. *Vaughn*, 250 F. Supp. 3d at 243. And the Court sees no reason why it couldn't.

The other out-of-Circuit cases that Defendant cites are likewise factually distinguishable. In *Pfaahler v. Consultants for Architects, Inc.*, the plaintiff made "no showing that other potential claimants performed the same type of duties as himself" and in fact there was evidence that the potential class members had a wide variety of duties. 2000 WL 198888, at *1–2 (N.D. Ill. Feb. 8, 2000) (denying certification). In *In re FedEx Ground Package Sys., Inc.*, the named plaintiffs themselves did not meet the proposed class definition. 662 F. Supp. 2d 1069, 1082–83 (N.D. Ind. 2009) (denying certification). In *West v. Verizon Communications, Inc.*, the declarations showed a wide variation in whether potential claimants could engage in extracurricular activities while "on-

call." 2009 WL 2999181, at *3 (M.D. Fla. Jul. 29, 2009), *report and recommendation adopted in part*, 2009 WL 2957963 (M.D. Fla. Sept. 10, 2009) (denying certification). Here, there is no apparent variation in job duties and the named plaintiff meets the proposed class definition.

As such, the Court agrees with Plaintiff. To decide whether potential class members are similarly situated, the Court need only find that the class members possess similar job requirements and compensation structures, not identical ones. *Valcho*, 574 F. Supp. 2d at 621. The potential class members here are similar because they were all hourly-paid furniture installers who did not receive overtime pay under Defendant's policy. There is no indication that the economic realities test could not be uniformly applied at a later stage. Thus, Plaintiff has provided a reasonable basis that the furniture installers are similarly situated enough to warrant conditional certification.

3.   Are There Similarly Situated Aggrieved Individuals Who Want to Opt-in to the Lawsuit?

"[A] district court should satisfy itself that there are other employees . . . who desire to 'opt-in.'" *McKnight*, 756 F. Supp. 2d at 805. Other potential plaintiffs' "interest in joining the litigation is relevant to deciding whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants in a collective action." *Id.* This Court and many others in the Fifth Circuit have always required the plaintiff to show that other employees desire to opt in. *See, e.g.*, *Straka v. Methodist Dallas Med. Ctr. Auxiliary*, 2018 WL 1611865, at *3 (N.D. Tex. Apr. 3, 2018) (Boyle, J.). Courts have found this third factor satisfied when as few as two individuals have opted-in. *Wedel*, 2015 WL 5920034, at *1, 1 n.2 (compiling cases). Here, two individuals—Danny Flores and Jordan Hurst—have already filed their notices of consent to join the named plaintiff as parties. Thus, the Court finds that Plaintiff has satisfied the third factor.

Thus, the Court **GRANTS** conditional certification with the following caveats.

*C. Court-Ordered Notice*

Defendant argues that it does not have the employee information that Plaintiff seeks. But lack of employee record is not a reason to deny conditional certification. *Burns v. Chesapeake Energy, Inc.*, 2017 WL 1842937, at \*8 (W.D. Tex. Mar. 14, 2017), *report and recommendation rejected on other grounds*, 2018 WL 4691616 (W.D. Tex. Sept. 20, 2018) (rejecting the recommendation for Rule 23 class certification, but not that of FLSA conditional certification). Defendant must "comply with the Court's order to whatever extent possible based on the records it does have in its possession." *Id.* The Court finds persuasive the reasoning in *Rivera v. Power Design, Inc.*, that even if a defendant states that it does not possess employee contact information—for example, because it used subcontractors—it can be reasonable to require the defendant to conduct a search of its records, and to contact third-party subcontractors to request they do the same. 172 F. Supp. 3d 321, 329–30 (D.D.C. 2016).

In the alternative, Defendant seeks to only request information from North Texas Furniture Installation, LLC (NTFI), which it states actually employed the Plaintiff. Doc. 22, Def.'s Resp., 1. But there is no evidence that the potential plaintiffs were only contracted through NTFI. Thus the Court declines to limit the scope of third-parties to NTFI.

Defendant does not dispute the types of employee information requested, but seeks to add additional information to the Notice such as potential plaintiff's responsibilities, Defendant's attorneys' contact information, and the Court's and Defendant's positions as to the merits of the claims. Doc. 22, Def.'s Resp., 10–11. In addition, Defendant disputes the appropriate deadlines for Notice. *Id.* Finally, Defendant reserves the right to raise other issues if the Court certifies the class.

*Id.* at 11. The Court finds that the parties should confer on these issues and attempt to reach an agreement as to the contents of the Notice by the deadline set below.

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Conditional Certification, Doc. 19, is **GRANTED** as follows:

1. The Court **conditionally certifies** this collective action.

2. The prospective class may include only current and former furniture installers who worked for Defendant in at least one workweek for over 40 hours over the last three years (from the date of this Order) and who were classified as independent contractors and received pay on an hourly basis without overtime compensation for all overtime hours worked. This definition includes those hourly workers employed by Defendant over the last three years classified as independent contractors who did not receive overtime for all overtime hours worked and whose job duties included performing furniture installation work at Defendant's customers' job sites.

3. The Court **ORDERS** Defendant to produce the full names, current or last known physical addresses, email addresses, home and mobile numbers, and dates of employment of all individuals falling within the above-defined class (Employee Information). Defendant shall provide the Employee Information in an electronic form that can be used by Plaintiff in mailing out the notice. If the information is not stored electronically, Defendant shall provide it in written form. Noticing the prospective class by posting at the job site is not allowed.

4.    The Court **ORDERS** Defendant to produce the contact information for each of the third-party contractors it used during the class period (Third-Party Information). Defendant should request Employee Information from these third-party contractors, and request that these third-party contractors do the same with any of their own subcontractors. Defendant shall provide the Third-Party Information in an electronic form that can be used by Plaintiff in mailing out the notice.

5.    The Court **ORDERS** Defendant to produce the Employee and Third-Party Information no later than **45 DAYS** from the date of this Order. If Defendant fails to provide this information by that date, the statute of limitations will be equitably tolled for each subsequent day that Defendant fails to provide the Employee Information.

6.    The Court **ORDERS** the parties to confer and submit an agreed Proposed Notice form and an agreed Proposed Consent to Join form no later than **21 DAYS** from the date of this Order**.**

7.    The opt-in period will last until **60 DAYS** following the date Defendant produces the Employee and Third-Party Information.


SO ORDERED.

SIGNED: December 20, 2018.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

- 13 -